UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:20-CV-00100-JHM

KARLETTA JOYNER                                                                 PLAINTIFF

V.

BESTWAY EXPRESS, INC. and                                      DEFENDANTS and
JOHN BOUVY                                              THIRD-PARTY PLAINTIFFS

V.

LESLIE HAY                                                THIRD-PARTY DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Karletta Joyner's Motion to Remand and Motion for Leave to File First Amended Complaint. [DN 21, DN 24]. Third-Party Defendant Leslie Hay recently joined Joyner's Motion to Remand. [DN 29]. Fully briefed, this matter is ripe for decision. For the following reasons, Joyner's Motion for Leave to File First Amended Complaint is **GRANTED** and Joyner's Motion to Remand is **GRANTED**.

### I. BACKGROUND

Joyner was driving a borrowed car in the right lane of a bridge. [DN 1-3 ¶ 7]. The car is owned by her friend Leslie Hay, a Kentucky citizen. [DN 21-1 at 1]. The car broke down "just before the crest of the hill on the bridge." [DN 1-3 ¶ 8]. Joyner's headlights and taillights were on and she turned on her emergency flashing lights. [*Id.* at ¶ 9]. Several vehicles went around her as she tried to call for help. [*Id.*]. At that time, Defendant John Bouvy was driving a tractor trailer in the right lane of the bridge. [*Id.* at ¶ 10]. Defendant Bestway owns the tractor-trailer. [*Id.*]. Bouvy hit her car, which caused Joyner's car to "spin underneath his truck." [*Id.* at ¶ 11]. Then,

Joyner's car "became pinned under the trailer of Bouvy's rig, and she was trapped." [*Id.*]. Joyner "suffered severe and permanent injuries and mental trauma." [*Id.* at ¶ 12].

Joyner sued Bestway and Bouvy in Henderson Circuit Court alleging that Bouvy was negligent and Bestway was vicarious liable. [*Id.* at ¶¶ 13–37]. Defendants removed the case to federal court under diversity jurisdiction. [DN 1]. Joyner is a Kentucky citizen; Bouvy and Bestway are Indiana citizens. [DN 1 ¶¶ 2–3]. It is not disputed that Joyner properly removed the case to federal court. [DN 21-1 at 2].

The magistrate judge entered a scheduling order on August 26, 2020. [DN 8]. The Order included specific instructions on amending pleadings and adding parties:

> **No later than September 30, 2020,** the Plaintiff shall file all motions to join additional parties. All motions to amend the pleadings shall be filed by the Plaintiff **no later than September 30, 2020.**
>
> **No later than September 30, 2020,** the Defendants shall file all motions to join additional parties. All motion to amend the pleadings shall be filed by the Defendants **no later than September 30, 2020.**

[*Id.* at ¶¶ 2(a)–(b)]. On September 28, 2020, Defendants moved to amend the scheduling order to allow them until October 30, 2020 to file a motion to join additional parties because Hay failed to appear for his scheduled deposition on September 24, 2020. [DN 9 at 1–2]. It did not request that any other deadlines be amended. [*Id.* at 1]. Defendants scheduled the deposition to help them to determine whether Hay should be added as a party to the case. [*Id.* at 2]. When Defendants "inquired as to whether Plaintiff wanted to join in this Motion or would be agreeable to such an amendment to the Scheduling Order [DE#8]. Plaintiff refused." [*Id.*].

On September 29, 2020, Defendants requested permission to file a third-party complaint against Hay because they believe that Joyner's car broke down due to "Hay's failure to properly maintain the vehicle in road-worthy condition." [DN 10 at 1]. Defendants also included their third-party complaint with their request. [DN 10-1]. Joyner responded to Defendants' motions

2

regarding amending the scheduling order and filing a third-party complaint by saying that "she has no objection to the Defendants' Motion for Leave to File a Third-Party Complaint. Plaintiff also states that Defendants' Motion to Amend Scheduling Order is moot, as **Defendant has met the deadline for adding additional parties set forth in the Court's Scheduling Order**."[1] [DN 11 at 1] [emphasis added]. The magistrate judge granted Defendants' request to amend the scheduling order on October 9, 2020, stating that "No later than October 30, 2020, the Defendants shall file all motions to join additional parties. All motions to amend the pleadings shall be filed by Defendants no later than October 30, 2020." [DN 12 at 1]. On the same day, the magistrate judge also granted Defendants' request to file a third-party complaint against Hay. [DN 13 at 1].

On November 30, 2020, without leave of Court, Joyner filed what she called a "crossclaim" against Hay based on the allegations in the third-party complaint. [DN 17, DN 21-1 at 3]. Then, on January 25, 2021, Joyner moved to remand this case back to state court. [DN 21]. Joyner said in her reply brief for the motion to remand that she "mistakenly labeled her claim against Hay as a crossclaim" and is now "seeking leave to amend her Complaint concurrently with this Reply."[2] [DN 25 at 1–2]. Joyner moved to amend her complaint on February 12, 2021 under Federal Rule

---

[1] It is odd that Joyner initially admitted that Defendants timely met the deadline for adding a party because she now claims the opposite is true. *See* DN 28 at 2 ("Defendants ignore the fact that they themselves added Hay after the September deadline[.]"). Defendant did not add Hay after the deadline because their motion to add Hay as a third-party defendant was filed before the deadline in the scheduling order. [DN 8, DN 10]. The only party attempting to untimely add a party is Joyner.

[2] Under Federal Rule of Civil Procedure 13(g) crossclaims are claims "by one party against a coparty." The Court doubts that Hay, as a third-party defendant, is a coparty to Joyer as a plaintiff. *See Asher v. Unarco Material Handling, Inc.*, No. 06-548, 2008 WL 130858, at *4 (E.D. Ky. Jan. 10, 2008) ("However, if a plaintiff has not brought suit against the third-party defendant, the third-party defendant only shares 'like status' with other third-party defendants and can only bring crossclaims against other third-party defendants, as Rule 14(a)(2)(B) provides."). In any event, even if the crossclaim was proper, Joyner brought the claims late per the scheduling order.

3

of Civil Procedure 15[3] explaining that she "was not aware of the extent of Leslie Hay's negligence" until Defendants filed their third-party complaint against Hay. [DN 24 at 1]; [DN 28 at 2] ["Plaintiff had no knowledge of Hay's negligence until after the Third-Party Complaint was filed by Defendants [.]"].

### III. DISCUSSION

Adding a nondiverse party like Hay after removal is governed by 28 U.S.C. § 1447(e).[4] *See Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016) (explaining that under § 1447(e) "a district court may deny a plaintiff's motion to join a defendant whose joinder would destroy subject-matter jurisdiction."); *see also Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *4 (E.D. Mich. May 25, 2012) ("A post-removal attempt to add non-diverse parties, whether by right or by leave,

---

[3] While neither party mentions Federal Rule of Civil Procedure 16, it appears that Rule 16 would be a rule at issue because Joyner seeks to untimely add Hay as a party under the scheduling order. *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003)) ("[O]nce a scheduling order's deadline passes, a party must first show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)." ). Defendant argues that Joyner's motion to amend her complaint is late. *See* [DN 26 at 1] ["Pursuant to the Court's Scheduling Order [DE #8], Plaintiff was required to file all motions to join additional parties or to amend pleadings 'no later than September 30, 2020.' Plaintiffs Motion for Leave to File First Amended Complaint was filed on February [1]2, 2021."].

[4] Joyner asserts that under 28 U.S.C. § 1447(c) the case must be remanded. [DN 21-1 at 5]. Joyner argues that remand is appropriate under § 1447(c) because Defendants added a party whose joinder destroys subject matter jurisdiction when they asserted third-party claims against Hay. *See* [DN 21-1 at 3–4] ["There is no statute directly governing when a ***defendant*** adds a party whose joinder destroys subject matter jurisdiction, as here."]; *see also* [DN 25 at 2] ["[The] issue before the Court is not only whether the addition of Hay, a resident of Kentucky, as a Third-Party Defendant, destroys diversity . . . ."]. Joyner is incorrect that Defendants asserting a third-party claim against Hay destroys diversity jurisdiction. "Joining a third-party defendant non-diverse to plaintiff in the underlying action based on diversity of plaintiff and defendant does not destroy subject matter jurisdiction grounded on the court's diversity jurisdiction over plaintiff's claim." *Mar-Cone Appliance Parts Co. v. Mangan*, 879 F. Supp. 2d 344, 357 (W.D.N.Y. 2012) (citations omitted); *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572–73 (6th Cir. 2004) ("Here, the parties to the original action and the amended complaint were all diverse. The addition of the Commonwealth as a third-party defendant clearly arises from the 'same nucleus of operative fact' because plaintiff had alleged that the accident was caused, at least in part, by Kentucky's failure to adequately warn drivers about a known dangerous road. Accordingly, diversity was not destroyed when the Department was added as a third-party defendant and the district court properly retained subject-matter jurisdiction.").

4

implicates section 1447(e) and requires the court to exercise discretion and adopt one of the two options available to it.").

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Joyner seeks to join Hay after Defendants removed this case to federal court. Hay as a Kentucky citizen is a nondiverse party. Thus, Joyner's attempt to add Hay is subject to review under § 1447(e).

Courts consider four factors when determining how to exercise its discretion under § 1447(e): "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc.*, 654 F. App'x at 221 (citations omitted).

*The extent to which the purpose of the amendment is to defeat federal jurisdiction.* "Courts have consistently held that the first factor, the plaintiff's motive for seeking post-removal joinder of a nondiverse defendant, is of 'paramount importance.'" *Glover v. Kia Motors Am., Inc.*, No. 17-CV-02825, 2018 WL 1976033, at *4 (W.D. Tenn. Apr. 25, 2018) (collecting cases). Defendants argue that "Hay was fully known to Plaintiff at the time of the filing of her original Complaint and Plaintiff could have brought claims against Hay in her original Complaint." [DN 23 at 3]. Indeed, Joyner was using "her friend" Hay's car. [DN 21-1 at 1]. Joyner does not deny that Hay was known to her at the time she filed suit. [DN 25 at 3]. Although, Joyner does say that she "was not aware of the extent of Leslie Hay's negligence" when she filed the lawsuit. [DN 24 at 1].

Joyner argues that *Dickson Industrial, Inc. v. Collins*, No. 20-cv-412, 2020 WL 3887798 (S.D. Ohio July 10, 2020) is analogous here. [DN 25 at 3]. In *Collins*, the plaintiff sought to amend its complaint to add a party that would destroy diversity jurisdiction. *Id.* at *3. The court found that the first factor weighed in favor of the plaintiff because while it was "persuaded that Plaintiff was <u>at a minimum</u> partially motivated to join" the party as a defendant to destroy diversity jurisdiction. *Id.* The court also found that the party that the plaintiff sought to join was a "real party in interest" because "[the p]laintiff [could] not obtain complete relief unless" the party was joined as a defendant. *Id.* The Court explained that "[w]hen a 'nondiverse party is a real party in interest, it is immaterial that [its] joinder was motivated by a desire to defeat jurisdiction.'" *Id.* (quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42 (6th Cir. 1994)) (second alteration in original).

Defendants provide no argument that *Collins* is distinguishable here. Like the court in *Collins*, the Court is persuaded that Joyner is at a minimum partially motived to join Hay to destroy diversity jurisdiction. But it appears that Hay is a real party and Defendants do not rebut that. Defendants do not argue that Joyner has no viable claim against Hay, nor do they argue that Hay was fraudulently joined. This factor weighs in favor of joinder.

*Whether the plaintiff has been dilatory in seeking amendment.* "Some courts have assessed the timeliness of the amendment in relation to commencement of the action and found that delay until after removal is dilatory" and "[o]ther courts have measured dilatoriness from the date of removal." *Huff v. AGCO Corp.*, No. 17-CV-354, 2018 WL 2113195, at *4 (E.D. Ky. May 8, 2018) (citations omitted). In relation to the commencement of the action, since Joyner was using Hay's car, Joyner should have been aware of Hay when the initial complaint was filed in May 2020. [DN 1-5, DN 21-1 at 1]. Then, Joyner filed a crossclaim in November 2020 and moved to amend her

6

complaint in February 2021. [DN 17, DN 24]. If dilatoriness is measured from the date of removal in June 2020, then Joyner has been dilatory.

Joyner claims that she "was not aware of the extent of Leslie Hay's negligence" when she filed this lawsuit in state court. [DN 24 at 1]. If Joyner was not aware of Hay's negligence until Defendants filed their third-party complaint, then Joyner is still dilatory. [DN 28 at 2]. Defendants filed its third-party complaint as an attachment to its Motion for Leave to File a Third-Party Complaint on September 29, 2020. [DN 10-1], So, Joyner should have been aware of Hay's potential negligence at least since September 29, 2020. Yet she waited until February 12, 2021 to try to add Hay as a party—she waited over four months. [DN 24]. If the Court considers the date that Joyner filed a claim against Hay via a crossclaim, then Hay inexplicably waited about two months to add Hay as a party. [DN 17]. This factor weighs in favor of denying joinder.

*Whether the plaintiff will be significantly prejudiced if amendment is not allowed.* Joyner argues that if she is not permitted to add Hay as a defendant, she "would be forced to pursue her claim against Hay in state court, while this case proceeds in federal court." [DN 25 at 4]. This factor weighs in favor of remand because not allowing Joyner to add Hay as a party would require Joyner to litigate the suit in federal court and state court. *Huff*, 2018 WL 2113195, at *5 (finding that third factor favors remand since "Huff will face significant prejudice if joinder is denied because she will be forced to litigate this suit in two separate forums in order to obtain complete relief.") (citation omitted); *Collins*, 2020 WL 3887798, at *4 ("Nevertheless, because denying joinder would require Plaintiff to proceed without a necessary party or litigate the same case in multiple fora, the third factor weighs slightly in Plaintiff's favor").

*Any other equitable factors.* No party has asserted any other equitable factors for the Court to consider. However, "courts analyzing the other equitable factors often consider the defendant's

7

substantial interest in proceeding in a federal forum." *Glover*, 2018 WL 1976033, at *9 (cleaned up).  Here, Defendants have a substantial interest in proceeding in a federal forum "to avoid the insidious home-court advantage which diversity jurisdiction seeks to neutralize.'" *Huff*, 2018 WL 2113195, at *5 (cleaned up).  This factor weighs in favor of denying joinder.

The second and fourth factors weigh in favor of denying joinder and retaining jurisdiction.  The first and third factor weigh in favor of granting joinder and remanding to state court.  Considering the importance of the first factor, the Court will exercise its discretion under § 1447(e) and permit joinder of Hay and remand the case back to state court.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Joyner's Motion for Leave to File First Amended Complaint is **GRANTED** and Joyner's Motion to Remand is **GRANTED**.  This case is **REMANDED** to the Henderson County Circuit Court.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 8, 2021

cc: counsel of record
    Henderson County Circuit Court